UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCIS CATALNOTTO, III<br>AND KIMBERLY CATALANOTTO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-5396** |
| **GEOVERA SPECIALTY<br>INSURANCE COMPANY** | **SECTION "B"(1)** |

## ORDER AND REASONS

Before the Court are defendant GeoVera Specialty Insurance Company's motion to dismiss action (Rec. Doc. 11) and plaintiffs Francis Catalanotto, III and Kimberly Catalanotto's opposition (Rec. Doc. 15). For the following reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **DENIED**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Alleging property damage from Hurricane Ida on or around August 29, 2021, plaintiffs Francis Catalanotto, III and Kimberly Catalanotto brought this action against their insurer, defendant GeoVera Specialty Insurance, in the 24th Judicial Court for the Parish of Jefferson on August 10, 2023. Rec. Doc. 1-1 at 2–3. Plaintiffs allege they have "not [been] compensated for their covered losses," leading to their property "remain[ing] in a state of disrepair" and their need to retain counsel to pursue breach-of-contract damages. *Id.* at 5 ¶¶12, 13. However, plaintiffs also acknowledge their current pursuit of relief followed a significant period of inactivity. Specifically, they admit before filing suit they never made a policy claim:

> Following the storm, Petitioners promptly reported their loss to their insurance agent who had procured the policy at issue for the Petitioners. The agent advised the Petitioners not to make a claim. Unfortunately, based on the expertise and advice of the agent the Petitioners did not file a claim.

1

*Id.* at 4 ¶9. Nonetheless, plaintiffs claim a single cause of breach of insurance contract. *Id.* at 5–6 ¶¶18–25. In addition to damages for repair costs and diminution of value, plaintiffs also "reserve their right to amend the Petition to allege bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973[.]" *Id.* at 5 ¶17.

Pursuant to 28 U.S.C. § 1332(a) diversity jurisdiction, GeoVera timely removed the action to federal court. Rec. Doc. 1 at 1–2. It now brings a motion to dismiss, pursuant to Rule 12(b)(6). Rec. Doc. 11. Plaintiffs oppose dismissal. Rec. Doc. 15.

## II.  LAW AND ANALYSIS

### A.  Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 556 U.S. at 556).

When deciding whether a plaintiff has met its burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 520 (5th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678) (some internal citations and

quotation marks omitted). Plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A complaint does not meet the plausibility standard "if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted) (citing *Twombly*, 556 U.S. at 555).

Although motions to dismiss are evaluated by the content in the complaint, the United States Supreme Court has described the extent of possible evidence: "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*, 551 U.S. 308, 322 (2007) (citation omitted). In an insurance dispute, incorporated documents include insurance policies "central to the plaintiffs' claims," even where only attached by defendants to their motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B. Claim Limitation Period

In a diversity action, a federal court applies substantive state law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938); *see ACS Construction Co., Inc. of Mississippi v. CGU*, 332 F.3d 885, 888 (5th Cir. 2003) (citation and quotation omitted) ("We look to state law for rules governing contract interpretation."); *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989) ("In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."). Here, there is no dispute that Louisiana law applies to the dispute over an insurance policy issued for plaintiffs' property in Kenner, Louisiana. *See* Rec. Doc. 11-2 (insurance policy). GeoVera properly attaches the policy in question, "central to

3

plaintiffs' claims," to its motion to dismiss. *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.

Louisiana Revised Statute § 22:1264 provides the contractual minimum for an insured's submission of proof of loss to their insurer: "The time limit for the submission of proof of loss shall be not less than one hundred eighty days." La. Rev. Stat. § 22:1264(A). Nonetheless, the Louisiana Supreme Court has consistently held that "an insurance policy is a contract between the parties and should be construed using the general rules of interpretation of contracts set forth in the Civil Code." *Sims v. Mulhearn Funeral Home, Inc.*, 2007-0054 (La. 5/22/07), 956 So. 2d 583, 588–89. As such, insurance contracts are interpreted by a "determination of the common intent of the parties." La. Civ. Code art. 2045. Here, despite the 180-day minimum deadline in Louisiana Revised Statute § 22:1264, parties contracted for a longer period for the submission of proof, extending an insured's time to "within 365 days after the date of loss." Rec. Doc. 11-2 at 34. Thus, the 365-day period for the submission of proof of loss would control. *See Taranto v. Louisiana Citizens Prop. Ins. Corp.*, 2010-0105 (La. 3/15/11), 62 So. 3d 721, 728 (citation and quotation omitted) ("The contractual period in an insurance policy will govern an action unless the contractual period of limitations is invalid as contrary to statute, invalid as unreasonable.").

Although the 365-day language would apply, the exclusionary provision itself requires attention. "The insurer has the burden of proving that a loss comes within a policy exclusion." *Louisiana Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1252 (La. 1993) (citations omitted). Plaintiffs admit that they failed to make an insurance claim within the contractually agreed upon 365-day limit. *See* Rec. Doc. 1-1 at 4 ¶9. According to GeoVera, this failure is enough for dismissal of the claim: "Not only did Plaintiffs not file a claim within the 180-day time frame [sic] as required under both the law and the policy, but they never filed a claim

4

at all. GeoVera only received notice of the Plaintiffs' loss upon receipt of their Complaint." Rec. Doc. 11-1 at 4. However, GeoVera both overstates plaintiffs' requirement and understates the current state of notice-of-claim caselaw.

### 1. Submission of Proof of Loss Requirement

First, as to what notice is required of an insured, we previously highlighted Louisiana's pertinent default rule: "The time limit for *the submission of proof of loss* shall be not less than one hundred eighty days." La. Rev. Stat. § 22:1264(A) (emphasis added). Louisiana caselaw has defined "proof of loss" more widely than the formal filing of a claim. The Louisiana Supreme Court has described the standard as "that which is sufficient to fully apprise the insurer of the insured's claim." *McDill v. Utica Mut. Ins. Co.*, 475 So. 2d 1085, 1089 (La. 1985). Further, it is an insured's obligation to "relay that information to the insurer." *Reed v. State Farm Mut. Auto. Ins. Co.*, 2003-0107 (La. 10/21/03), 857 So. 2d 1012, 1020–21. Therefore, an insured can meet the requirement of submission of proof of loss through fewer formalities than claim submission, even by permitting an insurer onto the property. *See Om Sai Ram Hosp. LLC v. AmGuard Ins. Co.*, No. 21-2999, 2023 WL 4380762, at *2 (W.D. La. July 6, 2023) ("The insured's duty can therefore be met by reporting the loss and allowing initial inspection within the 180[-]day period.").

In their petition, plaintiffs acknowledge they failed to make a claim, but they stop short of admitting no submission of proof of loss:

> Following the storm, Petitioners promptly reported their loss to their insurance agent who had procured the policy at issue for the Petitioners. The agent advised the Petitioners not to make a claim. Unfortunately, based on the expertise and advice of the agent the Petitioners did not file a claim.

Rec. Doc. 1-1 at 4 ¶9. Likewise, their opposition is silent on the issue. *See* Rec. Doc. 15. The insured bears the burden to prove submission of proof of loss. *See, e.g., McDill*, 475 So. 2d at

5

1089. Advising the Court of such a submission within the 365-day period would conform to the requirements of the contract and cure GeoVera's ground for dismissal.

### 2. Notice-of-Claim Caselaw

More robustly, parties argue over the applicability of a 365-day notice-of-claim provision where Louisiana affords an insured twenty-four months to file an insurance action. Put another way, *how do Louisiana Revised Statutes §§ 22:1264(A) and 22:868(B) co-exist?*

GeoVera would have us follow the lead of § 22:1264(A) and find separate, shorter notice-of-claim agreements valid under Louisiana law: "Not only did Plaintiffs not file a claim within the 180-day time frame [sic] as required under both the law and the policy, but they never filed a claim at all . . . Because Plaintiffs did not file their claim within that period, the claim is barred by law." Rec. Doc. 11-1 at 4. In contrast, plaintiffs aver § 22:868(B) controls, effectively voiding any notice-of-claim requirement that falls short of the statutorily provided minimum period of twenty-four months for a "right of action against the insurer" by its insured: "Louisiana Revised Statute 22:1264(A), does not state that the claim will be time-barred if proof of loss is not made within 180 days. Moreover, the policy provision that limits the time to file a notice of loss to one year is contrary to Louisiana Revised Statute [§] 22:868(B), and therefore is void." Rec. Doc. 15 at 7. Based on the caselaw, plaintiffs have the better of the argument.

The question of whether Louisiana Revised Statute § 22:1264(A) permits an insurance contract to require an insured provide notice sooner than the two-year prescriptive period or face claim denial has not been ruled on by the Louisiana Supreme Court. Therefore, this Court "must make an 'Erie guess' and 'determine as best it can' what the Louisiana Supreme Court would decide." *See Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citations omitted). "In making an Erie guess in the absence of a ruling from the state's highest court, this

6

Court may look to the decisions of intermediate appellate state courts for guidance." *Id.* (citation omitted). Here, the Louisiana Third Circuit Court of Appeal in *Estate of Munsterman v. Unitrin Auto & Home Insurance Company* provides the clearest guidance on the issues before us. *See Est. of Munsterman v. Unitrin Auto & Home Ins. Co.*, 2020-209 (La. App. 3 Cir. 11/18/20), 307 So. 3d 297.

In *Munsterman*, the Third Circuit affirmed a lower court's finding of coverage despite the insured's failure to notify his insurer of hailstorm damage within the contractually agreed-upon 365 days of the event; sufficient was the suit's filing within two years of the hailstorm. *Id.* at 299. No matter the parties' agreement of the notice period, the state appellate court determined Louisiana Revised Statute § 22:868(B) controlled: "In this case, the statutory authority in La.R.S. 22:868(B), which extends the time to assert a right of action against the insured to two years, invalidates the clause and condition in the policy at issue which limits the time to file a notice of loss to one year." *Id.* at 301. The *Munsterman* court reasoned that party agreement of notice submission faced the same restrictions as those for bringing a court action, namely, being valid only where a statutory prohibition did not so prevent. *Id.* (quoting *Taranto v. La. Citizens Prop. Ins. Corp.*, 10-105, p. 8 (La. 3/15/11), 62 So. 3d 721, 728 (emphasis in Third Circuit opinion) ("In the **absence** of a statutory prohibition, a clause in an insurance policy fixing a reasonable time to institute suit is valid.")). According to the Third Circuit, the legislature's 2007 extension from one to two years for a right of action in an insurance dispute shows legislative intent to refuse a sooner exclusion of coverage. *See id.* The state appellate court also found support in a Louisiana Supreme Court opinion that limited the timeframe for bargained coverage, but only because it was a claims-made policy, not an occurrence policy: "The major distinction between the 'occurrence' policy and the 'claims made' policy constitutes the difference between the peril insured. In the

7

'occurrence' policy, the peril insured is the 'occurrence' itself. Once the 'occurrence' takes place, coverage attaches even though the claim may not be made for some time thereafter." *Id.* at 302 (quoting *Hood v. Cotter*, 08-215, 08-237 (La. 12/2/08), 5 So. 3d 819, 826–27). Accordingly, "[o]nce the occurrence takes place, coverage attaches even though the claim may not be made for some time thereafter. Thus, the limitation of liability applicable to a claims made policy does not apply to the instant occurrence policy." *Id.* Relying on the reasoning in *Musterman*, federal district courts have reached the same conclusion that § 22:868(B) invalidates notice-of-claim provisions shorter than two years. *See Gulf Coast Bank & Trust Co. v. Agent All. Ins. Co.*, No. 22-44, 2023 WL 9059580 at *7 (M.D. La. Dec. 8, 2023); *Mattress Direct, Inc. v. N. Ins. Co. of New York*, 530 F. Supp. 3d 633, 642 (M.D. La. Mar. 30, 2021).

Although the limited caselaw points in one direction, the legislation itself is paramount. According to the Supreme Court of Louisiana, "The fundamental question in all cases of statutory interpretation is legislative intent. That intent is ascertained through the rules of statutory interpretation." *Deal v. Perkins*, 2022-01212 (La. 8/1/22), 347 So. 3d 121, 131 (citations omitted). "[T]he starting point in the interpretation of any statute is the language of the statute itself," and "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law must be applied as written, and no further interpretation may be made in search of the legislative intent." *See id.* at 131–32 (first citing *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So. 2d 16, 26–27; then citing La. Civ. Code art. 9; and then citing La. Rev. Stat. § 1:4). Thus, the text produced by lawmakers and bearing their legislative intent cannot simply be ignored:

> [I]t is presumed that every word, sentence, or provision in a statute was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provision were employed. Consequently, courts are bound, if possible, to give effect to all parts of a statute and to construe no

> sentence, clause, or word as meaningless and surplusage if a construction giving force to, and preserving, all words can legitimately be found.

*Id.* at 132 (citations omitted).

The debate surrounding the enactment of Louisiana Revised Statutes §§ 22:1264(A) and 22:868(B) must inform our application of the insurance policy in question. Both were passed in consecutive years as part of broader insurance packages in the wake of Hurricanes Katrina and Rita. Section 22:1264 arrived first, approved during the 2006 First Extraordinary Session. Bill sponsor Rep. John LaBruzzo described the legislation's purpose as giving policyholders more time to provide their insurers proof of loss following a catastrophic event, responding to automatic claim denials that some insureds were facing after recent hurricanes. *See Provides for a Presumption of Coverage for All Damages Under a Homeowner's Insurance Policy When There Is any Covered Damage: Hearing on H.B. 17 Before the H. Comm. on Ins.*, 2006 Leg., 1st Extra. Sess. at 1:22:32 to 1:27:27 (La. 2006) (statement of Rep. LaBruzzo), https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2006/feb/0207_06_IN). During the bill's presentation in the House Chamber, Rep. LaBruzzo fielded questions from Rep. A. G. Crowe on the legislation's possible impact on the filing of a suit. *See* La. State H. Video Archive, https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2006/feb/0209_06_Day04_20061ES (Feb. 9, 2006) (colloquy between Rep. LaBruzzo and Rep. Crowe at 1:27:56 to 1:29:11). Beginning the prescription-based line of questions, Rep. Crowe inquired, "Does this bill have anything to do with extending the statute of limitations for claims?" *Id.* Flatly, Rep. LaBruzzo responded, "No, it doesn't extend the statute of limitations." *Id.* Envisioning a sequence of events whereby an insured made use of the longer period to provide notice, Rep. LaBruzzo indicated that the legislature would need to revisit the then-one-year time period to file suit in an insurance dispute. *Id.* Crucially, although Rep. LaBruzzo anticipated a claim-noticed–lawsuit-filed sequence of events, his reply

9

indicated a that later-filed suit without a timely claim would still provide possible relief to an insured: "To address the issue I think where you're going on this, in the next session we would have to extend the statute of limitations if someone needed to sue their insurance company because they haven't had time to get everything together." *Id.* Rep. LaBruzzo did not understand a bill that provided a presumption of coverage following a catastrophic event to undercut an insured's ability to file suit; instead, by supplying a minimum deadline for proof of loss, the legislature was preventing the automatic claim denials rife at the time throughout the state.

Further, the legislative history of Louisiana Revised Statute § 22:868 does nothing to alter this interpretation. Enacted the following year, the legislation was presented to the House Chamber by bill sponsor Rep. Shirley Bowler. La. State H. Video Archive, https://house.louisiana.gov/H_Video/VideoArchivePlayer?v=house/2007/may/0514_07_Day09_2007RS (May 14, 2007) (statement by Rep. Bowler at 31:09 to 33:52). Simply, Rep. Bowler described the legislation to "extend from twelve months to twenty-four months the amount of time that an insurer can put in its contract for suits against the insurer." *Id.*

Without marshalling supportive caselaw or analyzing the textual context or history of both Louisiana Revised Statutes §§ 22:1264(A) and 22:868(B), GeoVera contends that plaintiffs' insurance suit is time-barred for failure to provide notice of their claim within 365 days of the event. GeoVera is mistaken. As it relates to the filing of plaintiffs' suit and the possible recovery of their claim, such a provision is invalid, pursuant to Louisiana Revised Statute § 22:868(B). *Compare* La. Rev. Stat. § 22:868(B) ("No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party

claim[.]"), *with* Rec. Doc. 11-2 at 34 ("With respect to a loss caused by the peril of windstorm or hail, the claim must be reported promptly and is barred if not reported within 365 days after the date of loss."). The invalidity of that provision, however, does not thereby invalidate the policy as a whole. *See* La. Rev. Stat. § 868(C) ("Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."). As such, GeoVera's instant motion must be denied, and plaintiffs' insurance suit may proceed.

New Orleans, Louisiana, this 9th day of April, 2024

SENIOR UNITED STATES DISTRICT JUDGE